**STATE of Missouri, Respondent,**

v.

**Donald CHURCH, Appellant.**

**No. ED 92360.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 8, 2009.

Gwenda R. Robinson, St. Louis, MO, for Appellant.

Christopher A. Koster, Attorney General, Karen L. Kramer, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before SHERRI B. SULLIVAN, P.J. and ROBERT G. DOWD, JR. and PATRICIA L. COHEN, JJ.

## ORDER

PER CURIAM.

Donald Church ("Defendant") appeals from the judgment upon his conviction by a jury of one count of forcible rape, Section 566.030, RSMo 2000 [1], two counts of forcible sodomy, Section 566.060, one count of kidnapping, Section 565.110, one count of first-degree robbery, Section 569.020, and five counts of armed criminal action, Section 571.015. Defendant was convicted by a jury of one count of forcible rape, two counts of forcible sodomy, one count of kidnapping, one count of first-degree robbery, and five counts of armed criminal action. Defendant was sentenced as a persistent sexual offender to a term of life

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

imprisonment for the forcible rape, consecutive terms of life imprisonment for each of the forcible sodomy convictions, a consecutive term of fifteen years of imprisonment for kidnapping, a consecutive term of life imprisonment for first-degree robbery, and consecutive terms of forty years of imprisonment for each of the five convictions for armed criminal action. Defendant argues the trial court: (1) erred and abused its discretion in failing to grant a mistrial after the prosecutor, in rebuttal closing argument, commented a second time on Defendant's right not to testify; (2) erred and abused its discretion in denying his motion for a mistrial because Juror 1204 had an opportunity to discuss his knowledge of a prosecution witness with other jurors, which tainted the jury and made substitution of Juror 1204 an inadequate remedy; (3) erred and abused its discretion in admitting evidence of the Combined DNA Index System ("CODIS"); and (4) plainly erred in permitting the prosecutor to personalize her argument to the jury.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion would have no precedential value nor serve any jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 30.25(b).